IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

Goodwood Brewing LLC, :
    Plaintiff :
  v. : No. 3:20-cv-306-RGJ
United Fire Group and :
United Fire & Casualty Company, :
    Defendants :

## COMPLAINT

Plaintiff, GOODWOOD BREWING LLC, by and through the undersigned attorney, sues Defendants, UNITED FIRE GROUP and UNITED FIRE & CASUALTY COMPANY, and alleges:

### NATURE OF ACTION

1. This is an action for Declaratory Judgment pursuant to 28 USC § 2201 to determine questions of insurance coverage under a "Commercial" policy of insurance issued by Defendants to Plaintiff.

2. This is also an action for breach of an insurance contract as well as statutory and common law bad faith for Defendants' failure to pay insurance policy proceeds that are due and owing to Plaintiff under a Commercial Property policy of insurance issued by Defendants to Plaintiff.

### JURISDICTION AND VENUE

3. Plaintiff is a Kentucky corporation with its principal place of business at 636 E. Main St, Jefferson County, Louisville, KY.

4. Plaintiff owns and operates a brewpub located at 109 W Main St, Frankfort, Kentucky, a taproom at 636 E. Main St, Louisville, Kentucky, and a taproom at 134 Spring St, Jeffersonville, Indiana.

1

5. The Indiana property is not at issue in this litigation, which is solely related to the two Kentucky properties.

6. Defendants are Iowa corporations with a principal place of business at 118 2nd Ave SE, Cedar Rapids, Iowa. Upon information and belief, United Fire & Casualty Company is a wholly-owned subsidiary of United Fire Group. At all times material, Defendants operated, conducted, engaged in, and/or carried on a business or business venture in the Commonwealth of Kentucky. Defendants were and are engaged in a course of conduct in which revenue was derived from providing goods and/or services throughout Kentucky, including Jefferson County, Kentucky. Defendants maintained one or more agents and/or representatives in Jefferson County, Kentucky, and entered into insurance contracts with insureds located in Jefferson County, Kentucky.

7. The parties are diverse and the amount of coverage sought in this action exceeds the diversity jurisdictional limits of this Court. Therefore, this Court has jurisdiction over this action for declaratory judgment pursuant to 28 USC § 1332 and 28 USC § 2201.

8. The action seeks damages in excess of $75,000, exclusive of interest, costs and attorney's fees (the estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court).

9. Venue is proper in this Court because Plaintiff's principal place of business is in Jefferson County, Kentucky; the Policy was entered into, issued, and covers property located in Jefferson County, Kentucky; and this cause of action arose in Jefferson County, Kentucky.

**POLICY**

10. Defendants issued Plaintiff a "Commercial Property Policy" bearing policy number 60519203. The Policy had an effective date of September 3, 2019, to September 3, 2020.

A copy of the Declaration Page in Plaintiff's possession is attached as Exhibit 1. A copy of the "Building and Personal Property Coverage Form" is attached as Exhibit 2. A copy of the "Causes of Loss – Special Form" is attached as Exhibit 3. A copy of the "Micro-Brewery Ultra Property Plus" coverage is attached as Exhibit 4. A certified copy of the Policy is in the exclusive control of Defendants, and Plaintiff expects Defendants will produce the certified copy in discovery.

11. At all times material the Policy was in full force and effect and provided coverage to Plaintiff.

12. The Policy contains a "Building and Personal Property Coverage" Form. The Building and Personal Property Coverage provides:

> **A. Coverage.**
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

Exhibit 2 p. 1.

13. The Building and Personal Property Coverage Form further provides:

> **3. Covered Causes Of Loss**
>
> See applicable Causes Of Loss form as shown in the Declarations.

Exhibit 2 p. 3.

14. The Declaration Page indicates that Plaintiff has coverage for "Special Causes of Loss." Exhibit 1 p. 1.

15. The "Causes of Loss – Special" Form provides:

> **A. Covered Causes of Loss**
>
> When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

3

Exhibit 3 p. 1.

16. The Policy's "Limitations" to coverage are listed on Exhibit 3 at pages 6-7. The Policy's "Exclusions" are listed on Exhibit 3 at pages 1-6.

17. The Policy added a virus exclusion to Plaintiff's Indiana property, which is not at issue in this litigation.

18. Notably, Defendant did not include the virus exclusion in the schedule of forms applicable to Plaintiff's Kentucky properties. Exhibit 1 p. 4-5.

19. Therefore, direct physical loss from virus, pandemic, or the threat of virus or pandemic is a Covered Cause of Loss under the Policy for the Kentucky properties.

20. The Policy does contain an Exclusion for acts or decisions of any person, or governmental body; however, ensuing (resulting) losses are covered:

> 3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss , we will pay for the loss or damage caused by that Covered Cause of Loss.
>
> \* \* \*
>
> b. Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

Exhibit 3 p. 4.

21. In the "Micro-Brewery Ultra Property Plus" Form, the Policy provides coverage for loss of Business Income and states, in pertinent part:

> **a. Business Income**
>
> \*\*\*
>
> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are

> described in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

Exhibit 4 p. 1.

22. The Policy defines "Operations" as "Your business activities occurring at the described premises." Exhibit 4 p. 19.

23. The Policy defines "period of restoration" in part:

> **"Period of Restoration"** means the period of time that:
>
> a. Begins:
>
> (i) 72 hours after the time of direct physical loss or damage for Business Income coverage; or
>
> (ii) Immediately after the time of direct physical loss or damage for Extra Expense coverage caused by or resulting from any Covered Cause of Loss at the described premises…

Exhibit 4 p. 19.

24. The Policy also provides coverage for extra expenses incurred as a result of direct physical loss and states, in part:

> c. **Extra Expense Coverage**
>
> Extra Expense means necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss.
>
> (1) We will pay Extra Expense (other than the expense to repair or replace property) to:
>
> (a) Avoid or minimize the "suspension" of business and to continue operations at the described premises or at replacement premises or temporary locations, including relocation expenses and costs to equip and operate the replacement location or temporary location.
>
> (b) Minimize the "suspension" of business if you cannot continue "operations".

5

Exhibit 4 p. 1.

### VIRUS/PANDEMIC

25. As this Court is well aware, SARS-CoV-2 (commonly called "COVID-19") is the most recent strain of coronavirus. It is publicly acknowledged that the COVID-19 is highly contagious and appears to have a higher mortality rate than other more common virus strains.

### EXECUTIVE ORDERS

26. On March 6, 2020, Kentucky Governor Beshear issued Executive Order 2020-215 and declared a state of emergency in Kentucky as a result of COVID-19. A copy of Executive Order 2020-215 is attached as Exhibit 5.

27. On March 16, 2020, the Kentucky Cabinet for Health and Family Services, Department of Public Health, and the Public Protection Cabinet, Alcoholic Beverage Control, issued an Order directly addressing restaurants and bars. A copy of the Order is attached as Exhibit 6.

28. The March 16, 2020, Order 2020-316 states, in pertinent part:

> 1. By 5:00 p.m. on March 16, 2020, food and beverage sales are restricted to carry-out, delivery and drive-thru only; no onsite consumption is permitted; and
>
> \*\*\*
>
> 3. Liquor, beer and wine sales in the Commonwealth of Kentucky are restricted to carry-out, delivery and drive-thru services only, to the extent permitted by law. No onsite consumption is permitted…

Exhibit 6 p. 1.

29. On March 19, 2020, the Kentucky Department of Alcoholic Beverage Control issued supplemental rules on the service of food and alcohol. A copy of the March 19, 2020, rules are attached as Exhibit 7.

30. The March 19, 2020, rule provide, in pertinent part:

    1. Any on-premises drink licensee may sell for off-premises consumption any alcoholic beverages that it is ordinarily able to sell for on-premises consumption under the law, subject to the following restrictions:

        a. Alcoholic beverages sold for off-premises consumption pursuant to this order must be sold in a closed and sealed original container (no to-go cups).

        b. The sale of any alcoholic beverages must be incidental to the purchase of a meal, and not in bulk quantities. This Order does not authorize deliveries of quantities of alcoholic beverages greater than may reasonably be expected to be consumed with the meal which is part of the delivery.

        c. Deliveries that include alcoholic beverages sold pursuant to this order shall be made in a vehicle owned and operated by the licensee, its employee or an independent contractor/agent. An independent contractor/agent does not need a separate transporter's license to make deliveries for one or more retail licensees. Any person delivering alcoholic beverages under this order must be at least twenty (20) years of age.

        d. Vehicles used for deliveries are not required to display the name and license number of the retail licensee selling the alcoholic beverages being delivered.

Exhibit 7 p. 1.

## DIRECT PHYSICAL LOSS AND EXTRA EXPENSE

31. Due to the existence of COVID-19 and the related pandemic, and the Order that bans onsite service of food and beverages, the insured's Kentucky properties are not able to function as intended by Plaintiff and Defendants. Plaintiff has lost the use of the insured Kentucky properties and as a result, Plaintiff is not able to provide onsite food and beverage

service at the insured Kentucky properties, and has necessarily had to suspend its food and beverage business activities occurring onsite at the insured properties.

32.     Plaintiff's loss of use of the insured Kentucky properties and insured Kentucky properties' inability to function as intended by Plaintiff and Defendants is a direct physical loss. As a result of this direct physical loss, Plaintiff has suffered loss of business income, has incurred "extra expense" to minimize the suspension of business and continue its operations, and has suffered other losses and damages.

## DEPENDENT PROPERTY COVERAGE

33.     The Business Income and Extra Expense coverage also covers "the necessary 'suspension' of your 'operations' during the 'period of restoration' caused by direct physical loss of or damage to 'dependent property' by a Covered Cause of Loss." Exhibit. 4 p. 4, Sec. H.h(3)

34.     The policy broadly defines dependent property as "property operated by others whom you depend on to:

   a. Deliver materials or services to you, or to others for your account (contributing locations). But any property which delivers any of the following services is not a Contributing Location with respect to such services:
   (i) Water supply services;
   (ii) Power supply services; or
   (iii) Communication supply services, including services relating to internet access to any electronic network;

   b. Accept your products or services (Recipient Locations);

   c. Manufacture products for delivery to your customers under contract of sale (Manufacturing Locations); or

   d. Attract customers to your business (Leader Locations)."

Exhibit 4 p. 18, Sec. S.5.

35. Plaintiff depends on a number of businesses that have been shutdown both by these Orders and the need to protect their employees, their customers, and the public.

36. Plaintiff relies upon dependent businesses, including but not limited to numerous bars and restaurants in this Commonwealth who buy and distribute Plaintiff's beer on their properties. These bars and restaurants are no longer able to do so.

37. Under the policy, Plaintiff is entitled to coverage due to the physical loss suffered by these dependent properties.

38. For these reasons, Plaintiff's loss is covered under the dependent property coverage.

## CIVIL AUTHORITY ADDITIONAL COVERAGE

39. Plaintiff also purchased Civil Authority Additional Coverage, which provides:

> When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:
>
> (a) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and
>
> (b) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have uninterrupted access to the damaged property.

Exhibit 4 p. 2, Sec. H.g.(1).

40. As of this date, 1,119 people in Louisville have, to date, tested positive for COVID-19, and 83 have died relating to the virus.

9

41. Plaintiff's Louisville property is downtown and located within a half-mile of the University of Louisville Hospital.

42. Upon information and belief, persons with COVID-19 have breathed, touched surfaces, spread the virus through the air and on surfaces, suffered from the virus, and died from the virus within a mile of Goodwood's property.

43. Plaintiff is denied access to the property for the purpose of onsite service of food and beverages.

44. For these reasons, Plaintiff's loss is covered under the Civil Authority Additional Coverage.

## COUNT 1

### DECLARATORY JUDGMENT

45. Plaintiff adopts and reiterates each and every allegation above and below as if set out fully in this paragraph and incorporates them by reference.

46. Plaintiff believes the Policy provides coverage for all its above-described injuries, damages, and losses. Plaintiff has therefore filed this action seeking a determination whether the Policy provides coverage to Plaintiff for these injuries, damages, and losses.

WHEREFORE Plaintiff, GOODWOOD BREWING LLC, respectfully requests that this Court grant Declaratory Judgment for Plaintiff, declaring:

A. Plaintiff has sustained direct physical loss.

B. Plaintiff's loss is a covered loss which is not excluded or limited under the Policy.

C. Plaintiff's loss is a covered loss resulting from an act or decision of a person or governmental body, and is therefore a covered ensuing loss.

D. Plaintiff's loss is a covered loss under the dependent property coverage.

      E.      Plaintiff's loss is a covered loss under the Civil Authority Additional coverage.

      F.      Plaintiff has sustained loss of Business Income due to the necessary suspension of its operations during the period of restoration.

      G.      The suspension of operations was caused by direct physical loss to property at the insured premises.

      H.      Plaintiff incurred extra expense to avoid or minimize the suspension of business and to continue operations.

## COUNT 2

### BREACH OF THE INSURANCE POLICY

47. Plaintiff adopts and reiterates each and every allegation above and below as if set out fully in this paragraph and incorporates them by reference.

48. During the Policy period of September 3, 2019, to September 3, 2020, Plaintiff sustained direct physical loss to covered Kentucky properties from a covered cause of loss.

49. Plaintiff's loss is also covered under the dependent property coverage and Civil Authority Additional Coverage.

50. Plaintiff additionally sustained a covered cause of loss resulting from an act or decision of a person or governmental body, and Plaintiff's loss is therefore a covered ensuing loss.

51. Plaintiff also suffered loss of business income and extra expense, in addition to other losses and damages.

52. Plaintiff notified Defendants of its losses.

53. Plaintiff complied with all conditions precedent to entitle Plaintiff to recover under the Policy, or Defendants waived compliance with such conditions.

54. Defendants have failed to provide the coverages for Plaintiff's losses, and have failed to pay for all of Plaintiff's losses.

55. Defendants have denied all coverage for Plaintiff's claim. A copy of Defendants' denial letter is attached as Exhibit 8.

56. Defendants' failure to pay for Plaintiff's covered losses is a material breach of contract.

57. As a result of Defendants' material breach of contract, it has become necessary for Plaintiff to retain the services of the undersigned attorney.

WHEREFORE Plaintiff, Goodwood Brewing LLC, demands judgment against Defendants UNITED FIRE GROUP and UNITED FIRE & CASUALTY COMPANY for all covered losses with interest on any overdue payments, any incidental and foreseeable consequential damages caused by Defendants' breach of contract, plus and costs of litigation.

## COUNT 3

### VIOLATION OF KENTUCKY'S UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

58. Plaintiff adopts and reiterates each and every allegation above and below as if set out fully in this paragraph and incorporates them by reference.

59. Defendants have a duty to investigate claims in good faith and promptly pay valid claims.

60. Upon information and belief, Defendants conducted no investigation at all.

61. Defendants have a duty to act in good faith and to deal fairly with Plaintiff, and to attempt to effectuate a fair and reasonable settlement of Plaintiff's claim.

62. Defendants lack a good faith basis to deny the claim.

63. Defendants' actions are outrageous, intentional wrongdoing, and in reckless disregard to Plaintiff's rights.

64. Defendants violated the Unfair Claims Settlement Practices Ace as set forth in KRS § 304.12-230(2-6) by:

> (2) "Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
>
> (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
>
> (4) Refusing to pay claims without conducting a reasonable investigation based upon all available information;
>
> (5) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; [and]
>
> (6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear…"

65. Plaintiff has suffered financial loss due to Defendants' bad faith denial of its claim.

66. Plaintiff is entitled to punitive damages for Defendants' violations of the Unfair Claims Settlement Practices Act.

WHEREFORE Plaintiff, Goodwood Brewing LLC, demands judgment against Defendants UNITED FIRE GROUP and UNITED FIRE & CASUALTY COMPANY for all losses with interest on any overdue payments, any incidental and foreseeable consequential damages caused by Defendants' violation of the Unfair Claims Settlement Practices Act, plus attorney's fees and costs of litigation.

## COUNT 4

### COMMON LAW BAD FAITH

67. Plaintiff adopts and reiterates each and every allegation above and below as if set out fully in this paragraph and incorporates them by reference.

68. Defendants have a duty to investigate claims in good faith and promptly pay valid claims.

69. Upon information and belief, Defendants conducted no investigation at all.

70. Defendants have a duty to act in good faith and to deal fairly with Plaintiff, and to attempt to effectuate a fair and reasonable settlement of Plaintiff's claim.

71. Defendants lack a good faith basis to deny the claim.

72. Defendants' actions are outrageous, intentional wrongdoing, and in reckless disregard to Plaintiff's rights.

73. Plaintiff has suffered financial loss due to Defendants' bad faith denial of its claim.

74. Plaintiff is entitled to punitive damages for Defendants' bad faith.

WHEREFORE Plaintiff, Goodwood Brewing LLC, demands judgment against Defendants UNITED FIRE GROUP and UNITED FIRE & CASUALTY COMPANY for all losses with interest on any overdue payments, any incidental and foreseeable consequential damages caused by Defendants' bad faith, plus attorney's fees and costs of litigation.

## COUNT 5

### VIOLATION OF KRS §304.12-235

75. Plaintiff adopts and reiterates each and every allegation above and below as if set out fully in this paragraph and incorporates them by reference.

76. Defendants failed to make a good faith attempt to settle Plaintiff's claim within thirty days of being provided notice of his claim.

77. Defendants' denial is without reasonable foundation.

78. Plaintiff is entitled to recover his attorneys' fees and costs incurred in obtaining a claim settlement or verdict, and pre-claim payment of statutory interest at 12% from thirty days after the proof of claim was made to Defendants until the claim is paid.

WHEREFORE Plaintiff, Goodwood Brewing LLC, demands judgment against Defendants UNITED FIRE GROUP and UNITED FIRE & CASUALTY COMPANY for all losses with interest on any overdue payments, any incidental and foreseeable consequential damages caused by Defendants' violation of KRS §304.12-235, plus attorney's fees and costs of litigation.

## COUNT 6

### VIOLATION OF KENTUCKY'S CONSUMER PROTECTION ACT – KRS §367.110 ET SEQ

79. Plaintiff adopts and reiterates each and every allegation above and below as if set out fully in this paragraph and incorporates them by reference.

80. The insurance coverage purchased by Plaintiff qualifies as a "service" intended to be protected by Kentucky's Consumer Protection Act, KRS §367.110 through KRS §367.360.

81. Defendants violated the Consumer Protection Act by denying the claim in bad faith and failing to reasonably investigate the claim.

82. Plaintiff is entitled to damages as set forth above and for recovery of his attorneys' fees and cost and punitive damages for violations of the Consumer Protection Act.

WHEREFORE Plaintiff, Goodwood Brewing LLC, demands judgment against Defendants UNITED FIRE GROUP and UNITED FIRE & CASUALTY COMPANY for all

losses with interest on any overdue payments, any incidental and foreseeable consequential damages caused by Defendants' violation of the Consumer Protection Act, plus attorney's fees and costs of litigation.

## COUNT 7

### PUNITIVE DAMAGES

83. Plaintiff adopts and reiterates each and every allegation above and below as if set out fully in this paragraph and incorporates them by reference.

84. Defendants' actions as set forth above constitute such gross negligence, malice, and reckless disregard for Plaintiff's rights so as to warrant punitive damages.

85. The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants and all others similarly situated.

**Wherefore,** Plaintiff respectfully demands as follows:

1. Trial by Jury of any issue triable of right by a jury;
2. Judgment for inconvenience and financial pain and suffering and interest against Defendant on all counts;
3. Compensatory and punitive damages in a fair and reasonable amount that exceeds the jurisdictional limits of this Court;
4. Attorney fees;
5. Pre-judgment interest;
6. Post-judgment interest;
7. Cost and expenses expended in this litigation; and
8. Any and all other relief to which Plaintiff may be entitled.

**JURY DEMAND**

Plaintiff demands a trial by jury of any issue triable of right by a jury.

Respectfully submitted this 28th day of April, 2020.

/s/ Josh Autry
Ky. Bar #: 98419
Morgan & Morgan Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, Kentucky 40507
Direct: (859) 899-8785
jautry@forthepeople.com
Attorney for Plaintiff

and

Mark A. Nation, Esquire*
Board Certified Civil Trial Attorney
Board Certified Business Litigation Attorney
Florida Bar No.: 968560
570 Crown Oak Centre Drive
Longwood, FL 32750
Phone: (407)339-1104
Fax: (407)339-1118
Email: bhirt@nationlaw.com (Primary)
mnation@nationlaw.com
ppritchard@nationlaw.com (Secondary)
Attorney for Plaintiff
*Pro Hac Vice Pending